# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| **RONALD RAY HOWARD,** | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | MISC. ACTION NO. V-05-05 |
| | § | |
| **DOUGLAS DRETKE,** | § | |
| **Director, Texas Department of** | § | |
| **Criminal Justice, Correctional** | § | |
| **Institutions Division,** | § | |
| Respondent. | § | |

## ORDER

Petitioner, Ronald Ray Howard ("Howard"), is in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, pursuant to a capital conviction and death sentence. Howard unsuccessfully sought both appellate and habeas review in state court. This Court denied Howard's federal habeas petition, *Howard v. Dretke*, 03-cv-48, and the Fifth Circuit Court of Appeals affirmed, *Howard v. Dretke*, No. 04-70021, 125 Fed. Appx. 560 (March 21, 2005) (denying a Certificate of Appealability ("COA")). A Texas court issued a death warrant setting Howard's execution for October 6, 2005.

Howard has filed a motion to stay his execution and a motion for the appointment of counsel.[1] This Court has already considered, and denied, Howard's habeas petition. Howard

---

[1] As a preliminary matter, the Court notes that Howard's pleading fails to comply with the Southern District of Texas' local rule governing an inmate's request for a stay of execution. Supplemental Habeas Corpus Rule 1 provides as follows:

A party who seeks to stay the execution of a Texas death warrant shall include in the application:

1. A copy of each state court opinion and judgment in the matter;

2. A description of the relief sought from any United States Court, including action number and court name;

(continued...)

asks this Court to stay his execution so that he can seek Supreme Court review of that habeas petition. According to an affidavit Howard signed on September 30, 2005, his appointed counsel never informed him that the Fifth Circuit refused to certify an appeal from this Court's denial of habeas relief. Howard states that his federal counsel unilaterally abandoned him, terminating his representation without informing Howard of that action. Howard affirms that, had he known of the Fifth Circuit's decision, he would have ensured that an attorney filed a timely petition for certiorari review on his behalf. Howard asks this Court to stay his execution and appoint legal counsel to pursue relief in the Supreme Court, either through an out-of-time certiorari petition or an original habeas petition.

Howard argues – and demonstrates – that this Court has jurisdiction to appoint counsel. Howard, however, fails to show that this Court has authority to stay his impending execution. A prisoner condemned to death, however imminent that death may be, has no automatic entitlement to a stay of execution. *See McFarland v. Scott*, 512 U.S. 849, 858 (1994). Under federal law,

> [a] justice or judge of the United States *before whom a habeas corpus proceeding is pending*, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

28 U.S.C. § 2251 (emphasis added). No federal habeas petition is *pending* before this Court, and the Anti-Terrorism and Effective Death Penalty Act's strict requirements against filing

---

[1] (...continued)
3. The reasons for denying relief given by the courts that have considered the matter, by written opinion or portions of the transcript; and

4. An explanation why issues urged in the application have not been raised or exhausted in state court.

Howard's motion to stay his execution lacks the specificity required by the local rules and federal law. *See Barefoot v. Estelle*, 463 U.S. 880, 896 (1983) ("Applications for stays of death sentences are expected to contain the information and materials necessary to make a careful assessment of the merits of the issue and so reliably to determine whether plenary review and a stay are warranted.").

2

successive petitions prevent Howard from filing any habeas petition in the district court. This Court lacks authority to define the scope of Supreme Court jurisprudence or regulate the time he may expend in seeking relief in the high court. The Supreme Court itself should consider whether the merits of his habeas petition warrant additional time for development. *See Williams v. Cain*, 143 F.3d 949, 950 (5th Cir.) ("When a petitioner seeks a stay of execution pending the disposition of a writ of certiorari in the United States Supreme Court, he should seek that stay in the Supreme Court itself. The district court lacks the ability to give it under 28 U.S.C. § 2251[.]"), *cert. denied*, 524 U.S. 934 (1998); *Teague v. Johnson*, 151 F.3d 291, 291 (5th Cir.) ("[O]nce the appellate mandate issues, a habeas petition is no longer pending before the court of appeals, and we have no jurisdiction to stay proceedings under § 2251. In this situation, if a petitioner desires a stay of execution pending disposition of a writ of certiorari in the United States Supreme Court, he simply must seek that stay in the Supreme Court itself."), *cert. denied*, 524 U.S. 976 (1998).

As an additional reason for denying the stay of execution, Howard fails to show a reasonable likelihood that he will prevail on his claims in the Supreme Court. The Fifth Circuit has outlined several factors that must be considered in determining whether to grant a stay of execution: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury without the stay; (3) whether the stay would substantially harm the other parties; and (4) whether the stay would serve the public interest. *See Buxton v. Collins*, 925 F.2d 816, 819 (5th Cir.), *cert. denied*, 498 U.S. 1128 (1991); *Streetman v. Lynaugh*, 835 F.2d 1521, 1524 (5th Cir. 1988). Both this Court and the Fifth Circuit not only found that his habeas claims lacked merit, but that Howard's claims conclusively did not meet the threshold standard for a COA by showing the substantial denial of a constitutional right. Howard informs the Court that he will seek Supreme Court review of the

same claim he advanced in the Fifth Circuit; he alleges no new constitutional violation. Howard makes no persuasive showing that the Supreme Court would find that a COA should issue or even grant an out-of-time writ of certiorari. *See Gonzalez v. Crosby*, ___ U.S. ___, 125 S.Ct. 2641, 2655 n.7 (2005) (Stevens, J. dissenting) ("A petition for certiorari seeking review of a denial of a COA has an objectively low chance of being granted. Such a decision is not thought to present a good vehicle for resolving legal issues, and error-correction is a disfavored basis for granting review[.]"). Howard's pleadings highlight the fact that capital petitioners deserve a fair opportunity for federal consideration of a death sentence at all levels, but the appointment of counsel – even at this late date – ensures that the Supreme Court will have a vehicle to review his habeas claims. Nonetheless, Howard makes no showing that he will likely prevail on the merits.

Accordingly, this Court **GRANTS** Howard's motion for appointment of counsel. Pursuant to 28 U.S.C. § 848(q)(4)(B) this Court appoints David R. Dow, 100 Law Center, Houston, Texas 77204-6060, to represent Howard throughout the remainder of his federal habeas proceedings at the rate of 150 dollars an hour for services as counsel. This Court **DENIES** Howard's motion for a stay of execution.

**SIGNED** this 4th day of October, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE